**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MANTIS COMMUNICATIONS, LLC, | Civil Action No. 2:16-cv-00661-JRG-RSP |
| *Plaintiff,* | **LEAD CASE** |
| v. | **Jury Trial Demanded** |
| BEST BUY CO., INC., | |
| *Defendant,* | |
| KMART CORPORATION, | Civil Action No. 2:16-cv-00665-JRG-RSP |
| *Defendant.* | (Consolidated) |

## DEFENDANT KMART CORPORATION'S ANSWER TO COMPLAINT

Defendant Kmart Corporation ("Kmart") hereby responds by way of Answer to Mantis Communications, LLC's ("Plaintiff") Complaint for Patent Infringement ("Complaint") (Dkt. No. 1) of U.S. Patent Nos. 7,403,788 ("the '788 Patent"), 7,792,518 ("the '518 Patent"), 8,131,262 ("the '262 Patent"), 8,437,784 ("the '784 Patent"), 8,761,732 ("the '732 Patent"), 8,938,215 ("the '215 Patent"), and 9,092,803 ("the '803 Patent") (collectively, "patents-in-suit" or "Mantis patents")[1] as follows:

### BACKGROUND

1.      Kmart is without knowledge or information sufficient to form a belief as to the truth of the statements contained in Paragraph 1 of the Complaint, and on that basis denies them.

2.      Kmart denies any and all allegations contained in Paragraph 2.

---

[1] For avoidance of doubt, Kmart denies liability for all allegations of patent infringement included or implied in the introductory paragraph of the Complaint.

3.      Kmart is without knowledge or information sufficient to form a belief as to the truth of the statements contained in Paragraph 3 of the Complaint, and on that basis denies them.

4.      Kmart admits that the documents attached to the Complaint as Exhibits A through G purport to be the patents-in-suit and are each entitled "System and Method to Initiate a Mobile Data Communication Utilizing a Trigger System."  Except as so admitted, Kmart lacks knowledge or information sufficient to admit or deny all other allegations of Paragraph 4 of the Complaint, and therefore denies them.

5.      Kmart admits that the patents-in-suit purport to claim priority to a provisional patent application dated July 19, 2002, which was U.S. Provisional Application No. 60/397,435. Kmart denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Kmart denies any and all allegations contained in Paragraph 6.

7.      Kmart denies any and all allegations contained in Paragraph 7.

8.      Kmart denies any and all allegations contained in Paragraph 8.

9.      Kmart denies any and all allegations contained in Paragraph 9.

10.     Kmart denies any and all allegations contained in Paragraph 10.

11.     Kmart denies any and all allegations contained in Paragraph 11.

12.     Kmart denies any and all allegations contained in Paragraph 12.

13.     Kmart denies any and all allegations contained in Paragraph 13.

14.     Kmart denies any and all allegations contained in Paragraph 14.

15.     Kmart denies any and all allegations contained in Paragraph 15.

16.     Kmart denies any and all allegations contained in Paragraph 16.

17.     Kmart denies any and all allegations contained in Paragraph 17.

18.     Kmart denies any and all allegations contained in Paragraph 18.

19.     Kmart denies any and all allegations contained in Paragraph 19.

20.     Kmart denies any and all allegations contained in Paragraph 20.

21.     Kmart denies any and all allegations contained in Paragraph 21.

22.     Kmart denies any and all allegations contained in Paragraph 22.

23.     Kmart denies any and all allegations contained in Paragraph 23.

24.     Kmart denies any and all allegations contained in Paragraph 24.

25.     Kmart denies any and all allegations contained in Paragraph 25.

26.     Kmart denies any and all allegations contained in Paragraph 26.

27.     Kmart denies any and all allegations contained in Paragraph 27.

28.     Kmart denies any and all allegations contained in Paragraph 28.

29.     Kmart denies any and all allegations contained in Paragraph 29.

## PARTIES

30.     Kmart is without knowledge or information sufficient to form a belief as to the truth of the statements contained in Paragraph 30 of the Complaint, and on that basis denies them.

31.     Kmart denies that Kmart is a corporation organized and existing under the laws of the State of Delaware.  Kmart is a corporation organized and existing under the laws of the State of Michigan.  Kmart admits that its principal place of business is located at 3333 Beverly Road, Hoffman Estates, Illinois 60179.  Kmart further admits that Kmart is registered to do business in the State of Texas and may be served with process by delivering a summons and a true and correct copy of a complaint to its registered agent for receipt of service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

**JURISDICTION AND VENUE**

32.     Kmart admits that this action arises under the patent laws of the United States, Title 35 of the United States Code, but Kmart denies liability for patent infringement.  If Plaintiff has standing to assert the patents-in-suit, Kmart admits that this Court would have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

33.     In response to Paragraph 33, Kmart admits that this Court has personal jurisdiction over Kmart, but Kmart denies that any acts of infringement have taken place within the district.  Kmart further denies all remaining allegations in paragraph 33.

34.     Kmart admits that Plaintiff purports to base venue under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) and that Kmart is subject to personal jurisdiction in this District, but Kmart denies that the Eastern District of Texas is a proper—or the most convenient—venue for adjudication of the claims raised by Plaintiff in this action. Kmart admits that it has transacted business in this district, but Kmart denies that it has committed acts of patent infringement in this district.  Kmart reserves the right to seek transfer to a more convenient forum.  Kmart further denies all remaining allegations in paragraph 34.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 7,403,788**

35.     Kmart incorporates and reasserts as if fully set forth herein each and every admission and/or denial contained in paragraphs 1-34 of its answer to the Complaint.

36.     Kmart denies any and all allegations contained in Paragraph 36.

37.     Kmart admits that http://www.kmart.com ("Kmart Site") exists, but Kmart denies all remaining allegations contained in Paragraph 37.

38.     Kmart admits that Kmart mobile applications exist, for example, mobile applications available on Android and iPhone products ("Kmart App").  Kmart admits that the screenshots in Paragraph 38 appear to be accurate.  Kmart denies all remaining allegations contained in Paragraph 38.

39.     Kmart admits that marketing-related emails and text messages are sent to Kmart consumers.  Kmart admits that the screenshots in Paragraph 39 appear to be accurate. Kmart denies all remaining allegations contained in Paragraph 39.

40.     Kmart admits that the screenshots in Paragraph 40 appear to be accurate. Kmart denies all remaining allegations contained in Paragraph 40.

41.     Kmart denies any and all allegations contained in Paragraph 41.

42.     Kmart admits that the quotes in Paragraph 42 appear to be accurate. Kmart denies all remaining allegations contained in Paragraph 42.

43.     Kmart admits that the screenshots in Paragraph 43 appear to be accurate. Kmart denies all remaining allegations contained in Paragraph 43.

44.     Kmart denies any and all allegations contained in Paragraph 44.

45.     Kmart denies any and all allegations contained in Paragraph 45.

46.     Kmart denies any and all allegations contained in Paragraph 46.

47.     Kmart denies any and all allegations contained in Paragraph 47.

48.     Kmart denies any and all allegations contained in Paragraph 48.

49.     Kmart admits that the screenshots in Paragraph 49 appear to be accurate. Kmart denies all remaining allegations contained in Paragraph 49.

50.     Kmart denies any and all allegations contained in Paragraph 50.

51.     Kmart denies any and all allegations contained in Paragraph 51.

52.     Kmart denies any and all allegations contained in Paragraph 52.

53.     Kmart denies any and all allegations contained in Paragraph 53.

54.     Kmart denies any and all allegations contained in Paragraph 54.

55.     Kmart denies any and all allegations contained in Paragraph 55.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,792,518

56.     Kmart incorporates and reasserts as if fully set forth herein each and every admission and/or denial contained in paragraphs 1-55 of its answer to the Complaint.

57.     Kmart denies any and all allegations contained in Paragraph 57.

58.     Kmart denies any and all allegations contained in Paragraph 58.

59.     Kmart admits that the screenshots in Paragraph 59 appear to be accurate. Kmart denies all remaining allegations contained in Paragraph 59.

60.     Kmart denies any and all allegations contained in Paragraph 60.

61.     Kmart denies any and all allegations contained in Paragraph 61.

62.     Kmart admits that the screenshots in Paragraph 62 appear to be accurate. Kmart denies all remaining allegations contained in Paragraph 62.

63.     Kmart denies any and all allegations contained in Paragraph 63.

64.     Kmart denies any and all allegations contained in Paragraph 64.

65.     Kmart admits that the screenshots in Paragraph 65 appear to be accurate. Kmart denies all remaining allegations contained in Paragraph 65.

66.     Kmart denies any and all allegations contained in Paragraph 66.

67.     Kmart denies any and all allegations contained in Paragraph 67.

68.     Kmart denies any and all allegations contained in Paragraph 68.

69.     Kmart denies any and all allegations contained in Paragraph 69.

70.     Kmart denies any and all allegations contained in Paragraph 70.

<u>**COUNT III**</u>

<u>**INFRINGEMENT OF U.S. PATENT NO. 8,131,262**</u>

71.     Kmart incorporates and reasserts as if fully set forth herein each and every admission and/or denial contained in paragraphs 1-70 of its answer to the Complaint.

72.     Kmart denies any and all allegations contained in Paragraph 72.

73.     Kmart denies any and all allegations contained in Paragraph 73.

74.     Kmart admits that the screenshots in Paragraph 74 appear to be accurate. Kmart denies all remaining allegations contained in Paragraph 74.

75.     Kmart denies any and all allegations contained in Paragraph 75.

76.     Kmart denies any and all allegations contained in Paragraph 76.

77.     Kmart denies any and all allegations contained in Paragraph 77.

78.     Kmart denies any and all allegations contained in Paragraph 78.

79.     Kmart admits that the screenshots in Paragraph 79 appear to be accurate. Kmart denies all remaining allegations contained in Paragraph 79.

80.     Kmart denies any and all allegations contained in Paragraph 80.

81.     Kmart denies any and all allegations contained in Paragraph 81.

82.     Kmart denies any and all allegations contained in Paragraph 82.

83.     Kmart denies any and all allegations contained in Paragraph 83.

84.     Kmart denies any and all allegations contained in Paragraph 84.

85.     Kmart denies any and all allegations contained in Paragraph 85.

86.     Kmart denies any and all allegations contained in Paragraph 86.

87.     Kmart denies any and all allegations contained in Paragraph 87.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,437,784

88.     Kmart incorporates and reasserts as if fully set forth herein each and every admission and/or denial contained in paragraphs 1-87 of its answer to the Complaint.

89.     Kmart denies any and all allegations contained in Paragraph 89.

90.     Kmart denies any and all allegations contained in Paragraph 90.

91.     Kmart denies any and all allegations contained in Paragraph 91.

92.     Kmart denies any and all allegations contained in Paragraph 92.

93.     Kmart admits that the screenshots in Paragraph 93 appear to be accurate. Kmart denies all remaining allegations contained in Paragraph 93.

94.     Kmart denies any and all allegations contained in Paragraph 94.

95.     Kmart denies any and all allegations contained in Paragraph 95.

96.     Kmart denies any and all allegations contained in Paragraph 96.

97.     Kmart denies any and all allegations contained in Paragraph 97.

98.     Kmart admits that the screenshots in Paragraph 98 appear to be accurate. Kmart denies all remaining allegations contained in Paragraph 98.

99.     Kmart denies any and all allegations contained in Paragraph 99.

100.    Kmart denies any and all allegations contained in Paragraph 100.

101.    Kmart denies any and all allegations contained in Paragraph 101.

102.    Kmart denies any and all allegations contained in Paragraph 102.

103.    Kmart denies any and all allegations contained in Paragraph 103.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 8,761,732

104.    Kmart incorporates and reasserts as if fully set forth herein each and every

admission and/or denial contained in paragraphs 1-103 of its answer to the Complaint.

105.    Kmart denies any and all allegations contained in Paragraph 105.

106.    Kmart denies any and all allegations contained in Paragraph 106.

107.    Kmart denies any and all allegations contained in Paragraph 107.

108.    Kmart denies any and all allegations contained in Paragraph 108.

109.    Kmart admits that the screenshots in Paragraph 109 appear to be accurate. Kmart

denies all remaining allegations contained in Paragraph 109.

110.    Kmart denies any and all allegations contained in Paragraph 110.

111.    Kmart denies any and all allegations contained in Paragraph 111.

112.    Kmart denies any and all allegations contained in Paragraph 112.

113.    Kmart admits that the screenshots in Paragraph 113 appear to be accurate. Kmart

denies all remaining allegations contained in Paragraph 113.

114.    Kmart denies any and all allegations contained in Paragraph 114.

115.    Kmart denies any and all allegations contained in Paragraph 115.

116.    Kmart denies any and all allegations contained in Paragraph 116.

117.    Kmart denies any and all allegations contained in Paragraph 117.

118.    Kmart denies any and all allegations contained in Paragraph 118.

119.    Kmart denies any and all allegations contained in Paragraph 119.

## COUNT VI

## INFRINGEMENT OF U.S. PATENT NO. 8,938,215

120.     Kmart incorporates and reasserts as if fully set forth herein each and every admission and/or denial contained in paragraphs 1-119 of its answer to the Complaint.

121.     Kmart denies any and all allegations contained in Paragraph 121.

122.     Kmart denies any and all allegations contained in Paragraph 122.

123.     Kmart denies any and all allegations contained in Paragraph 123.

124.     Kmart admits that the screenshots in Paragraph 124 appear to be accurate. Kmart denies all remaining allegations contained in Paragraph 124.

125.     Kmart denies any and all allegations contained in Paragraph 125.

126.     Kmart denies any and all allegations contained in Paragraph 126.

127.     Kmart admits that the screenshots in Paragraph 127 appear to be accurate. Kmart denies all remaining allegations contained in Paragraph 127.

128.     Kmart denies any and all allegations contained in Paragraph 128.

129.     Kmart denies any and all allegations contained in Paragraph 129.

130.     Kmart denies any and all allegations contained in Paragraph 130.

131.     Kmart denies any and all allegations contained in Paragraph 131.

132.     Kmart denies any and all allegations contained in Paragraph 132.

133.     Kmart denies any and all allegations contained in Paragraph 133.

134.     Kmart denies any and all allegations contained in Paragraph 134.

## COUNT VII

## INFRINGEMENT OF U.S. PATENT NO. 9,092,803

135.     Kmart incorporates and reasserts as if fully set forth herein each and every

admission and/or denial contained in paragraphs 1-134 of its answer to the Complaint.

136.    Kmart denies any and all allegations contained in Paragraph 136.

137.    Kmart denies any and all allegations contained in Paragraph 137.

138.    Kmart denies any and all allegations contained in Paragraph 138.

139.    Kmart denies any and all allegations contained in Paragraph 139.

140.    Kmart denies any and all allegations contained in Paragraph 140.

141.    Kmart denies any and all allegations contained in Paragraph 141.

142.    Kmart admits that the screenshots in Paragraph 142 appear to be accurate. Kmart denies all remaining allegations contained in Paragraph 142.

143.    Kmart admits that the screenshots in Paragraph 143 appear to be accurate. Kmart denies all remaining allegations contained in Paragraph 143.

144.    Kmart denies any and all allegations contained in Paragraph 144

145.    Kmart denies any and all allegations contained in Paragraph 145.

146.    Kmart denies any and all allegations contained in Paragraph 146.

147.    Kmart denies any and all allegations contained in Paragraph 147.

148.    Kmart denies any and all allegations contained in Paragraph 148.

149.    Kmart denies any and all allegations contained in Paragraph 149.

150.    Kmart denies any and all allegations contained in Paragraph 150.

## PLAINTIFF'S PRAYER FOR RELIEF

Kmart denies that Plaintiff is entitled to any relief from Kmart and denies all the allegations contained in Paragraphs A.—K. of Plaintiff's Prayer for Relief. Kmart further denies each and every allegation in the Complaint to which it has not specifically admitted, denied, or otherwise responded in this Answer to Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

151.     By way of further defenses, Kmart asserts the following, which apply to each and every claim asserted in the Complaint, unless otherwise stated. By virtue of alleging these further defenses, Kmart does not assume any burden of proof, persuasion, or production not otherwise legally assigned to it. Kmart reserves the right to amend its Answer to assert further affirmative defenses and/or counterclaims based on further investigation and/or discovery in this suit.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

152.     The Complaint fails, in whole or in part, to state any claim upon which relief may be granted, and/or fails to plead the allegations with sufficient particularity.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

153.      Kmart does not infringe and has not infringed any valid claim of any of the patents asserted in this matter, either directly or indirectly, including contributorily or by inducement, or literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

154.     The claims of the '788 Patent are invalid and/or void because they are anticipated and/or rendered obvious by the prior art or otherwise fail to satisfy one or more of the requirements of patentability, including but not limited to those arising under 35 U.S.C. §§ 101, 102, 103, and/or 112.

155.     The claims of the '518 Patent are invalid and/or void because they are anticipated and/or rendered obvious by the prior art or otherwise fail to satisfy one or more of the requirements of patentability, including but not limited to those arising under 35 U.S.C. §§ 101, 102, 103, and/or 112.

156.   The claims of the '262 Patent are invalid and/or void because they are anticipated and/or rendered obvious by the prior art or otherwise fail to satisfy one or more of the requirements of patentability, including but not limited to those arising under 35 U.S.C. §§ 101, 102, 103, and/or 112.

157.   The claims of the '784 Patent are invalid and/or void because they are anticipated and/or rendered obvious by the prior art or otherwise fail to satisfy one or more of the requirements of patentability, including but not limited to those arising under 35 U.S.C. §§ 101, 102, 103, and/or 112.

158.   The claims of the '732 Patent are invalid and/or void because they are anticipated and/or rendered obvious by the prior art or otherwise fail to satisfy one or more of the requirements of patentability, including but not limited to those arising under 35 U.S.C. §§ 101, 102, 103, and/or 112.

159.   The claims of the '215 Patent are invalid and/or void because they are anticipated and/or rendered obvious by the prior art or otherwise fail to satisfy one or more of the requirements of patentability, including but not limited to those arising under 35 U.S.C. §§ 101, 102, 103, and/or 112.

160.   The claims of the '803 Patent are invalid and/or void because they are anticipated and/or rendered obvious by the prior art or otherwise fail to satisfy one or more of the requirements of patentability, including but not limited to those arising under 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mark or Provide Notice)

161.   Upon information and belief, Plaintiffs' claims for recovery are barred, in whole or in part, by Plaintiff's failure to comply with the marking and notice requirements set forth in

35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands, Waiver, Estoppel, Acquiescence, Prosecution History Estoppel, Laches)

162.    Plaintiff's claims for recovery are barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, acquiescence, prosecution history estoppel, laches, and/or other equitable doctrines.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statutory Limitation on Damages)

163.    To the extent that Plaintiffs assert claims and/or requests damages for alleged infringement occurring more than six years before the filling of this action, such claims and relief are barred by the applicable statute of limitations, 35 U.S.C. § 286.

## EIGHTH AFFIRMATIVE DEFENSE
### (Prosecution Disclaimer)

164.    The claims for relief are barred, in whole or in part, by the doctrine of prosecution disclaimer.

## NINTH AFFIRMATIVE DEFENSE
### (License)

165.    Plaintiff's claims are barred, in whole or in part, by express license agreements and/or under the doctrines of implied license or patent exhaustion.

## TENTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

166.    Plaintiff is not entitled to injunctive relief because injury to it is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any claim it is able to prove.

## OTHER DEFENSES RESERVED

167.    Kmart reserves the right to assert all other defenses, including, but not limited to defenses identified under Rule 8(c) of the Federal Rules of Civil Procedure, and/or defenses identified under the patent laws of the United States, that may now or in the future be available based on discovery, any other factual investigation, or any other development relating to this case or any other action.

WHEREFORE, having fully answered, Kmart prays that the Complaint be dismissed in its entirety with prejudice, at Plaintiff's cost, and that Kmart receive such other legal and equitable relief to which it is entitled.


Dated: August 25, 2016

*/s/ John S. Letchinger*
John S. Letchinger
jletchinger@bakerlaw.com
BAKER & HOSTETLER LLP
191 North Wacker Drive, Suite 3100
Chicago, IL 60606-1901
Telephone: (312) 416-6236
Facsimile: (312) 416-3201

Jared A. Brandyberry
jbrandyberry@bakerlaw.com
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone: (303) 764-4072
Facsimile: (303) 861-7805

Harry Lee Gillam, Jr.
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Phone: (903)934-8450
Fax: (903) 934-9257
gil@gillamsmithlaw.com

*Attorneys for Defendant*
*Kmart Corporation*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on this 25th day of August, 2016. All other counsel

not deemed to have consented to service in such manner will be served via facsimile

transmission and/or first class mail.

*/s/ Harry L. Gillam, Jr.*
Harry L. Gillam, Jr.
