**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MANTIS COMMUNICATIONS, LLC, Plaintiff, v. BEST BUY CO., INC. | Civil Action No. 2:16-cv-00661-JRG-RSP **LEAD CASE** |
| HOME DEPOT U.S.A., INC. | Civil Action No. 2:16-cv-00662-JRG-RSP |
| HSN, INC. | Civil Action No. 2:16-cv-00663-JRG-RSP |
| JO-ANN STORES, LLC | Civil Action No. 2:16-cv-00664-JRG-RSP |
| KMART CORPORATION | Civil Action No. 2:16-cv-00665-JRG-RSP |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.  **Initial Disclosures.**  In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a)     the correct names of the parties to the lawsuit;

    (b)     the name, address, and telephone number of any potential parties;

    (c)     the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d)     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)     any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     any settlement agreements relevant to the subject matter of this action; and

(g)     any statement of any party to the litigation.

2.     **Disclosure of Expert Testimony.**  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a)     if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b)     for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.     **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

(a)     provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

> **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall

---

[1]  The Court anticipates that this disclosure requirement will obviate the need for requests for production.

identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

**P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)     produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)     provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4.     **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

5.     **Discovery Limitations.**  The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with the depositions of the parties, depositions on written questions of custodians of business records for third parties, and:

*Interrogatories*. Each side may serve up to 15 common interrogatories on the other. Plaintiff may serve up to ten (10) additional interrogatories on each individual Defendant. Each Defendant may serve up to ten (10) additional interrogatories on Plaintiff.

*Requests for Admission.* Each side may each serve up to 40 common requests for admission ("RFAs") for issues other than authentication of documents. Plaintiff may serve up to fifteen (15)

additional individual requests for admission for issues other than authentication on each Defendant. Each Defendant may serve up to fifteen (15) additional individual requests for admission on Plaintiff for issues other than authentication. There is no limit on the number of RFAs that the parties may serve solely for the purpose of authenticating documents. Such RFAs shall be clearly denoted and shall be served separately from any RFAs that are subject to the numerical limits above.  Prior to serving RFAs relating to authenticity, the parties agree to meet and confer telephonically to determine whether agreement may be reached before serving such requests.

*Oral Fact Depositions of Nonparties.* Each side may take up to eighty (80) hours of depositions of nonparties, inclusive of any inventor depositions.  Any party may later move to modify this limit for good cause.

*Expert Depositions.* Each party may have up to 3 expert witnesses. Each side may take up to seven (7) hours of deposition testimony of any expert witness for each expert report submitted by the expert (an expert report on the issue of infringement, invalidity or damages shall be regarded as a separate report on each issue even if combined into one physical report), except that, for any expert who submits an expert report with respect to more than one Defendant, the deposition of that expert shall be limited to five (5) hours of examination regarding common issues with an additional two (2) hours of examination regarding individual issues pertaining to a specific Defendant.  Limits on expert depositions are based on applicability of the Court's Model Order focusing Patent Claims and Prior Art to Reduce Costs (General Order No. 13-20), which applies in these actions, and may be modified based on any modifications to that Order.

*Inventor Oral Deposition.*  Defendants jointly may take seven (7) hours of deposition testimony of each inventor.

"Side" means a party or a group of parties with a common interest.   Defendants collectively are one "side." A given interrogatory or request for admission served by or on multiple parties counts as one interrogatory or request for admission.   Any party may later move to modify these limitations for good cause.

> **6.     Privileged Information.**  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or

information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. Notwithstanding the foregoing, the parties shall not be required to list on their respective privilege logs attorney–client communications or litigation–related work product created on or after the filing of the operative complaint.

7.     **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8.     **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9.    **Discovery Disputes.**

(a)    Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel.

(b)    An opposed discovery related motion, or any response thereto, shall not exceed 7 pages, not including attachments. No further briefing is allowed absent a request or order from the Court.

(c)    Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d)     Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e)     Any change to a party's lead attorney designation must be accomplished by motion and order.

(f)     Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings.**  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.    **Proposed Stipulations by the Parties Regarding Discovery.**

(a) As set forth in Paragraph 6, the Parties shall not be required to list on their respective privilege logs attorney–client communications or litigation–related work product created on or after the filing of the operative complaint.

(b) The Court's Model Order Regarding E-Discovery in Patent Cases shall apply unless modified in the court's discretion or by agreement of the parties.  The parties shall jointly submit any proposed modifications by September 29, 2016, i.e. within 30 days after the Federal Rule of Civil Procedure 16 conference held on August 30. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

(c) The Parties agree to accept service of discovery requests and responses via electronic mail.

13.     **Standing Orders.**  The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at   http://www.txed.uscourts.gov/page1.shtml?location=info:judge&judge=17.     The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**SIGNED this 18th day of September, 2016.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE